**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------x

RICHARD HALL,                                     Index No.:

      Plaintiff,

    -against-                                   **COMPLAINT**-Jury Trial Demanded

S. G. HYLAN MOTORS CORP. d/b/a
STATEN ISLAND NISSAN,

      Defendant,

----------------------------------------x

     As and for his complaint, in the above-captioned action, plaintiff RICHARD

HALL (Plaintiff"), by and through his attorneys Kasell Law Firm, alleges as follows:

<u>**PARTIES**</u>

1. At all times mentioned herein, Plaintiff is an individual that resided at 470 Shriver
   Road Gettysburg, PA 17325.

2. Upon information and belief, at all times herein mentioned, Defendant S. G.
   HYLAN MOTORS CORP. d/b/a STATEN ISLAND NISSAN, ("Defendant")
   was and is a New York Corporation with its principal place of business in the
   County of Richmond at 1220 Hylan Blvd. Staten Island, New York 10305.

3. Defendant is engaged in the business of selling and servicing new and used motor
   vehicles. Defendant is also engaged in the financing and arranging of financing of
   motor vehicles that it sells to the public.

<u>JURISDICTION AND VENUE</u>

4. Jurisdiction is premised on 15 U. S. C. § 1640(e) and 28 U.S.C. §§ 1331 and
   1337.

5.   Plaintiff instituted this action or actual damages, statutory damages, attorneys' fees and costs against Defendant for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 1026, promulgated pursuant thereto, and for related and unrelated violations of New York's General Business Law §§ 349 and 350.

6.   Venue in this District is proper in that the conduct complained of occurred here.

## STATUTORY FRAMEWORK
## TILA

7.   The Truth in Lending Act ("TILA") is a federal law designed to protect consumers in credit transactions by requiring clear and conspicuous disclosure of key terms of the lending agreement and all costs. The statute is contained in title I of the Consumer Credit Protection Act, as amended, 15 USC §§ 1601 *et seq*. The regulations implementing the statute, which are known as an as "Regulation Z" are codified at 12 C.F.R. § 1026. The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms and cost.

8.   The retail installment sales contract ("RISC") is the document that a consumer is supposed to receive in which the requisite TILA disclosures are to be made.

## BACKGROUND

9.   Plaintiff searched on-line for a used motor vehicle to purchase. He found the vehicle that he was interested in—a used Hyundai Tucson—advertised by Defendant for a price of $13,995.  (A copy of the advertisement is attached as Exhibit A).

10. Plaintiff called and verified the selling price, and submitted a credit application to Defendant who informed Plaintiff that it had secured multiple financing options for Plaintiff.

11. On or about December 2, 2014, Plaintiff went to Defendant to purchase the 2011 Hyundai Tuscon, that he had seen advertised, with vehicle identification number KM8JU3AC3BU243277  (the "Vehicle") from Defendant for valuable consideration. With a coupon of $200, the agreed upon price of the Vehicle came to $13,795.

12.  Plaintiff made a down-payment of $2,000 (a copy of the Buyer's Order is attached as Exhibit B).

13.  But instead of charging Plaintiff the agreed upon price of  $13,795 Defendant violated TILA and New York's General Business Law §§ 349 and 350 by increasing the selling price without reason or justification from its advertised price of $13,995 to $20,510.58. (A copy of the RISC is attached as Exhibit C).

14. This unspecified increase in the cash price of the Vehicle represents a hidden finance charge that Defendant was required to disclose as a finance charge under TILA.

15. In another TILA violation, by increasing the price of the Vehicle from $13,795 to $20,510.58 Defendant caused Plaintiff to incur tax on the higher, inflated Vehicle price.

16. Further, Defendant, also violated TILA by requiring Plaintiff to purchase an extended warranty for $1,000.

17. Defendant claimed that the purchase of an extended warranty was a condition imposed by Capital One, Defendant's intended assignee of the RISC.

18. However, upon information and belief, Defendant forced Plaintiff to purchase the extended warranty to increase its profit on the transaction and claimed it was a requirement imposed by Capital One "because of Plaintiff's credit score".

19. The $1,000 price of the warranty as a requirement for financing/assignment of the RISC is an incident to the cost of credit that must be disclosed as part of the finance charge pursuant to TILA.

20. Additionally, Defendant, in additional violations of TILA, told Plaintiff that he was required to pay (i) a transportation fee of $860 when the vehicle was already at the Defendant's place of business; (ii) a preparation of fee of $499 when the Vehicle was already prepared for sale; and (iii) a "doc fee" of $499 that it claimed was imposed by the assignee bank when no such requirement existed.

21. On his way home from the Defendant's place of business, Plaintiff contacted Capital One who informed him that they never charge the consumer a doc fee as part of a RISC and that they are not allowed to impose the purchase of an extended warranty as a condition of financing or assignment because such a requirement was illegal.

22. Upon information and belief, when Capital One learned of the imposition of these fees on Plaintiff, it refused assignment of the RISC from Defendant to it.

23. Upon information and belief, after its assignment of the RISC was rejected, Defendant insisted on retaining its inflated profits on the transaction with

Plaintiff and demanded that Plaintiff pay under the terms of the RISC's improper charges, despite Defendant's knowledge that the fees contained therein were improper and violated TILA.

24. Then, Defendant offered to remove the additional fees and costs it imposed if Plaintiff would pay the entire amount of the outstanding purchase balance in a lump sum.

<u>**COUNT I**</u>
<u>**MULTIPLE VIOLATIONS OF THE TRUTH IN LENDING ACT**</u>

25. Plaintiff repeats the allegations set forth in paragraphs 1 – 24 as if fully set forth at length herein.

26. At all times relevant hereto, Defendant regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and are the persons to whom the transaction which is the subject of this action is initially payable, making Defendant a creditor within the meaning of TILA, 15 U.S.C. § 1602 (f) and Regulation Z § 1026.2(a)(17).

27. Plaintiff and Defendant entered into a consumer credit transaction that was memorialized in an agreement covered by TILA as purported by the terms in the RISC.

28. Defendant failed to deliver all material disclosures required by TILA and Regulation Z in that the Defendant failed to properly and accurately disclose the finance charge in violation of Regulation Z § 1026.18(d) and 15 U.S.C. § 1638(a)(2)(B)(3) because the documents provided by Defendant to Plaintiff do not disclose that:

    a. The sales price went from $13,795 in the Buyer's order to $20,510.58 cash price in the RISC;

    b. Plaintiff was being charged tax on the $6,715.58 in excess of the price recited in the Buyer's Order;

    c. The $1,000 extended warranty price was a finance charge imposed on him based on his credit score;

    d. A doc fee was not imposed by the assignee bank;

    e. A transportation fee was imposed when no transportation was being performed;

    f. A preparation fee of $499 was imposed even though no additional cost was actually incurred in preparing the Vehicle for sale.

29. Plaintiff relied on these inaccurate disclosures to his detriment.

30. Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages.

31. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

### COUNT II
### VIOLATION OF GENERAL BUSINESS LAW § 349

32. Plaintiff repeats the allegations set forth in paragraphs 1 – 31 as if fully set forth at length herein.

33. New York General Business Law § 349 prohibits the use of deceptive or unfair practices in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

34. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

35. Defendants engaged in deceptive acts and practices that damaged Plaintiff by misrepresenting that a $499 doc fee was imposed by the assignee bank.

36. Defendants engaged in deceptive acts and practices that damaged Plaintiff by misrepresenting that any additional transportation costs were incurred by

Defendant because the Vehicle was already at Defendant's place of business.

37. Defendants engaged in deceptive acts and practices that damaged Plaintiff by misrepresenting that any additional preparation costs were incurred by it because the Vehicle was ready for sale when it advertised the Vehicle for sale.

38. Defendants engaged in deceptive acts and practices that damaged Plaintiff by misrepresenting that the purchase of an extended warranty was required based on Plaintiff's credit score.

39. Defendant's actions and practices were misleading in a material respect and Plaintiff has been damaged as a result.

40. Plaintiff hereby demands that all attorneys' fees, costs, and other fees of this action be borne by Defendant and that the Court award Plaintiff's actual damages, as well as punitive damages in an amount to be determined at trial.

**COUNT III**
**VIOLATION OF GENERAL BUSINESS LAW § 350**

41. Plaintiff repeats the allegations set forth in paragraphs 1 – 40 as if fully set forth at length herein.

42. New York General Business Law § 350 prohibits the use of deceptive advertisements in the conduct of any business, trade or commerce or in the furnishing of any service in New York.

43. The conduct alleged herein, and the sale and financing of vehicles is consumer oriented conduct as it has the demonstrated potential to be repeated with other consumers.

44. Defendants engaged in deceptive acts and practices that damaged Plaintiff by misrepresenting that it would sell the Vehicle at the advertised price of $13,995

when it actually sold the Vehicle to Plaintiff for $20,510.58

45. Plaintiff suffered actual damages in an amount of at least $6,715.58 as a result of Defendant's actions.

46. Plaintiff relied on Defendant's advertisement in connection with his purchase of the Vehicle.

47. Plaintiff is therefore entitled to actual damages, statutory damages and punitive damages.

48. Plaintiff is also entitled to reasonable attorneys' fees and expenses.

WHEREFORE plaintiff is entitled to:

    a.  Twice the amount of the finance charge;

    b.  Actual damages in an amount of at least $6,715.58 representing the difference in the cash price recited in the RISC and the price in the Buyer's Order;

    c.  Return of all improperly imposed fees and costs;

    d.  Return of all finance charges and interest;

    e.  Prejudgment interest at the prime rate as of the date of this cause of action;

    f.  All reasonable attorney fees, witness fees and costs, all court costs and other fees incurred by Plaintiff, and such other and further relief that the Court deems just and appropriate.

Dated: Long Island City, New York
      November 25, 2014

                  KASELL LAW FIRM

                  __/s/_____
                  David M. Kasell (DK-7753)

1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668